854 P.2d 1205

**STATE of Arizona, Appellee,**

v.

**Richard D. HOVEY, Sr., Appellant.**

**No. 1 CA–CR 91–1587.**

Court of Appeals of Arizona,
Division 1, Department E.

June 8, 1993.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and John Pressley Todd, Asst. Atty. Gen., Phoenix, for appellee.

Thomas A. Thinnes, Phoenix, for appellant.

## OPINION

VOSS, Presiding Judge.

Defendant Richard D. Hovey, Sr., appeals from the trial court's order modifying the manner in which he pays restitution. This court lacks jurisdiction to decide this issue on direct appeal. Because the defendant therefore lacks an adequate remedy at law we treat the matter as a petition for special action, accept jurisdiction and grant relief. *State v. Perez,* 172 Ariz. 290, 836 P.2d 1000 (App.1992); Rule 1, Rules of Procedure for Special Actions.

## BACKGROUND

Defendant pled no contest to one count of fraudulent schemes and artifices and five counts of theft. He was placed on

seven years probation and ordered to pay $293,504.00 in restitution. The court originally ordered that defendant pay restitution of $500.00 per month, subject to modification as his earnings indicate. Beginning in 1989, the court annually reviewed the defendant's earnings and modified his monthly restitution payment accordingly. At the September 1991 annual review, the court ordered defendant's monthly restitution obligation increased from $1,370.00 to $3,000.00. The court ordered this increase despite defendant's uncontested testimony that he had no liquid assets, had recently lost his job, and was the obligor on a recent $40,000.00 IRS tax lien.

## DIRECT APPEAL

■ Defendant appeals from the trial court's order, arguing that the court erred when it modified the amount of his restitution payments without considering his current economic status. We agree with defendant that the trial court is required to "consider the economic circumstances of the defendant" when determining the manner in which restitution shall be paid. Ariz. Rev.Stat.Ann. ("A.R.S.") § 13–804(D). However, we find that an appeal is not the appropriate avenue for review. A defendant may appeal an order made after judgment only if it affects "the substantial rights of the party." A.R.S. § 13–4033(2).

· ■ We do not find that this interlocutory order affects the substantial rights of defendant. Defendant may petition the court at any time to change the manner in which restitution is paid based upon changed circumstances. A.R.S. § 13–804(J). Furthermore, the court is precluded from revoking the defendant's probation unless it finds that he "willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay...." *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 2073, 76 L.Ed.2d 221 (1983). *See State v. Wilson*, 150 Ariz. 602, 724 P.2d 1271 (App.1986); A.R.S. § 13–810(C).

Moreover, the nature of this action makes appeal an impractical method of review. We are asked to review an interlocutory order which must be made only after the court has considered the current economic circumstances of the defendant. A.R.S. § 13–804(D). The economic circumstances of a defendant generally do not remain static. In this case we review a court's order based upon information that changed within eight weeks after the order was entered. Our review at this time accomplishes nothing because whatever we decide is based upon stale information. Additionally, the state or the defendant may now petition the trial court to modify in accordance with the defendant's current financial status.

■ For these reasons we hold that we are without jurisdiction to consider this matter as a direct appeal. Accordingly, in our discretion we treat this matter as a special action. *State v. Perez*, 172 Ariz. 290, 836 P.2d 1000 (App.1992).

## DISCUSSION

■ Defendant argues that the trial court's order was "arbitrary without any basis in fact." *See* Rule 3(c), Rules of Procedure for Special Actions (questions that may be raised in a special action include whether a determination was arbitrary and capricious or an abuse of discretion). We agree. In deciding the manner in which restitution is to be paid, the court shall consider the economic circumstances of the defendant. A.R.S. § 13–804(D). The trial court entered an order increasing the amount defendant had to pay monthly in restitution from $1,370.00 to $3,000.00. The court entered the order despite uncontroverted testimony that defendant had just lost his job. The record indicates that all of defendant's income is from employment earnings. Clearly, the trial court did not properly consider defendant's economic circumstances when increasing his restitution payment. The trial court thereby abused its discretion. The order increasing the restitution payments is vacated.

GERBER and LANKFORD, JJ., concur.