974 P.2d 451

STATE of Arizona, Appellee,

v.

Walter William HARVEY, Appellant.

No. 1 CA–CR 97–0185.

Court of Appeals of Arizona,
Division 1, Department E.

July 2, 1998.

As Amended July 13, 1998.

Review Denied March 23, 1999.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Jon G. Anderson, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

THOMPSON, Judge.

¶ 1 Walter William Harvey (defendant) argues on appeal that he is entitled to a new sentencing hearing because the trial court misapplied aggravating and mitigating factors. We remand so that the trial court may enter specific findings pursuant to Ariz.Rev. Stat. Ann. (A.R.S.) § 13–702(B), and if necessary, conduct a further hearing.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Defendant played pool at a bar with three men, Pedro Diaz, Luis Reyna, and Rudy Perez. At some point a bar employee told the trio that they would have to leave due to their behavior.

¶ 3 The bar bouncer testified that defendant was upset with the men because they owed him money. According to defendant's testimony, he followed them outside and Perez approached him as if to fight. When defendant told Perez that he was armed, Perez backed off and sat in the passenger seat of Diaz's car.

¶ 4 Defendant testified that when Diaz was backing out, Perez yelled at him in a hostile tone. He claims that when Perez reached under his seat, he involuntarily flinched, the gun discharged, and the bullet struck Diaz in the right thigh. Diaz died as a result of the injury.

¶ 5 The jury convicted defendant of negligent homicide, a class four felony, and determined that the crime was a dangerous offense. At sentencing, the trial court determined that each of the following constituted aggravating factors: Diaz was an innocent bystander; he was 66 years of age; he was the primary means of economic support for his family; his loss caused suffering to his family; defendant approached the vehicle when he could have walked away; he fled from the scene and hid for two days; he buried evidence; he committed a dangerous offense; and he demonstrated extreme recklessness with a gun.

¶ 6 Based on these aggravating factors, the trial court sentenced defendant to an aggravated term of eight years less 727 days for presentence incarceration.

## DISCUSSION

¶ 7 Defendant argues on appeal that the trial court improperly considered as aggravating factors that (1) this was a dangerous crime, (2) he demonstrated extreme recklessness, (3) the victim was an innocent bystander, and (4) the trial court disregarded the mitigating factors.

¶ 8 The sentence for a first offender of dangerous negligent homicide is six years for a presumptive term and eight years for an aggravated term. A.R.S. § 13–604(F) (Supp. 1995).

¶ 9 In discussing the aggravating factors in the case, the trial court stated:

> ... there are facts in the record that are substantiated as follows, and that is before you left this establishment, you retrieved your unloaded gun and loaded the gun, that while Mr. Diaz was driving away in his vehicle, you approached the vehicle with the loaded gun in the parking lot, that you had plenty of opportunity to walk away from the situation and you decided not to walk away.

¶ 10 As the jury had already found the offense to be "dangerous," subjecting defendant to enhanced punishment pursuant to A.R.S. § 13–604 (Supp.1997), defendant contends that these remarks demonstrate a violation of A.R.S. § 13–702(C)(2) (Supp.1997), which provides:

> Use, threatened use or possession of a deadly weapon or dangerous instrument during the commission of the crime [constitutes an aggravating factor], *except if this circumstance ... has been utilized to enhance the range of punishment under § 13–604.*

(Emphasis added.) Implicit in defendant's argument on this point is the assumption that the trial court's remarks indicate that the sentence was being improperly aggravated after being enhanced by reason of defendant's use of a gun.

¶ 11 The state argues that the amended indictment provided "the intentional or know-

ing infliction of serious physical injury" as an alternative basis for dangerousness, and that the gun was not being impermissibly double-counted. The state claims that even though the jury returned a verdict of negligent homicide, Arizona does not require consistent jury verdicts, and therefore the dangerous enhancement was not necessarily premised on the use of a gun but rather on intentional infliction of serious injury or death.

¶ 12  We first observe that the trial court's remarks about defendant's conduct in causing the fatal injury focus not on the use of the gun but rather on the deliberate quality of the killer's actions, and on the fact that, as the court found, defendant "had plenty of opportunity to walk away from the situation" but decided not to do so. We do not view these remarks as indicating the trial judge's intention to find the use of a gun as an aggravating factor. We view the issue presented here as whether, under the circumstances of this case, the sentencing judge erred in finding dangerousness as an aggravating factor where the sentence was already enhanced by reason of a jury finding of dangerousness.

¶ 13  We cannot, as the state urges, conclude that "the sentencing range was not enhanced under A.R.S. § 13–604 because of the use of a deadly weapon or dangerous instrument." Defendant was charged with second degree murder. The state may convict a defendant of this offense if he knows "that his conduct will cause death or serious physical injury...." A.R.S. § 13–1104(A)(2) (Supp.1997). Under the instructions given in this case,[1] for this jury to have deliberated about lesser homicide offenses, and to have convicted on negligent homicide, it must have either acquitted or failed to agree as to the murder charge. Thus there was no unanimous agreement that defendant possessed the mental state required for a finding of dangerousness based on the infliction of serious physical injury.

¶ 14  There is evidence in this record sufficient to support a jury conclusion that defendant intentionally or knowingly caused serious physical injury to his victim.[2] We agree with the state that, had the jury found dangerousness on this basis, the verdict would not be subject to challenge on the basis of inconsistency with the conviction for negligent homicide. *See State v. Eastlack,* 180 Ariz. 243, 258, 883 P.2d 999, 1014 (1994) (no constitutional requirement of consistent verdicts) (citations omitted). That we will *uphold* inconsistent jury verdicts, however, does not mean that we will *assume* that a jury reached inconsistent verdicts where the verdicts may be reconciled by a differing interpretation. In this case, where the jurors could not all agree that defendant acted intentionally or knowingly, but defendant admitted using a gun to kill his victim, we can only conclude that the jury's finding of dangerousness was grounded on defendant's use of a deadly weapon in this crime. The trial judge was therefore foreclosed from aggravating defendant's sentence based on his use of a deadly weapon. A.R.S. § 13–702(C)(2) (Supp.1997).

¶ 15  Shortly after making the remarks quoted above from the sentencing transcript, the trial judge said, "[a]lso I find, as an aggravating factor, that this is a dangerous offense. The facts of the case alone and the fact that it was a dangerous offense are ... compelling, aggravating factors, solely and independently, but in concert with the others that I have mentioned, we have substantial aggravation." The judge did not indicate precisely what he meant by "dangerous offense" for purposes of aggravation, but we note that, for purposes of sentence enhance-

---

1. As we discuss below, the jury was instructed pursuant to *State v. LeBlanc,* 186 Ariz. 437, 924 P.2d 441 (1996), that lesser included homicide crimes could be considered if there were an acquittal or lack of agreement on the murder charge. We presume that the jurors followed the instructions. *State v. Brito,* 183 Ariz. 535, 538, 905 P.2d 544, 547 (App.1995); *State v. Herrera,* 174 Ariz. 387, 395, 850 P.2d 100, 108 (1993) (citations omitted).

2. Angry because he thought he was owed money and with his finger on the trigger of a loaded .357 Magnum revolver, defendant approached the vehicle in which the victim was a passenger, stood one to two feet away from the open driver's side window, engaged in an argument with the passenger, and then shot the driver through the open window. The barrel of defendant's gun was either inside the window when the shot was fired, or very close to the window.

ment, "dangerous nature of the felony" means that the offense involved the use of a deadly weapon *or* the intentional or knowing infliction of serious physical injury. A.R.S. § 13–604(P) (Supp.1997) (emphasis added). Assuming that the judge used the term "dangerous offense" in this inclusive manner, we next address whether defendant's sentence could have been aggravated by reason of a finding that he had intentionally or knowingly caused serious physical injury.

¶ 16 Ariz. Rev. Stat. Ann. (A.R.S.) § 13–702(C)(1) (Supp.1997) lists the infliction of serious physical injury as an aggravating factor but prohibits its use where this circumstance is an essential element of the offense of conviction. Infliction of serious physical injury is an essential element of the crime of negligent homicide. A.R.S. § 13–702(C)(15) (Supp.1997) allows for aggravation based on "[a]ny other factors which the court may deem appropriate to the ends of justice." This subsection allows the sentencing court to reference conduct which makes up an element of the underlying crime where the degree of the misconduct is higher than that requisite to commit the crime. *State v. Tinajero*, 188 Ariz. 350, 357, 935 P.2d 928, 935 (App.1997) (defendant's evasion of police went beyond mere commission of crime of leaving scene of an accident, which requires only a failure to remain at scene and display license, and was properly used to aggravate sentence under broad language of subsection); *State v. Germain*, 150 Ariz. 287, 290, 723 P.2d 105, 108 (App.1986) (where degree of defendant's misconduct rises to level beyond that merely necessary to establish underlying crime, court may consider such conduct as aggravating factor). We conclude, that, if the trial court found that defendant intended or knew that his conduct would cause serious physical injury to Diaz, defendant's sentence was properly increased based on A.R.S. § 13–702(C)(15).

3. Indeed, we have previously found no abuse of discretion where a sentencing court considered misconduct by the defendant for which he had been acquitted after a criminal trial. *State v. Kelly*, 122 Ariz. 495, 498–99, 595 P.2d 1040, 1043–44 (App.1979) (sentencing court did not abuse discretion in considering evidence of prior kidnapping/assault by defendant although assault

¶ 17 There is some indication in this record that the trial court intended to make such a finding. Immediately before entering judgment and imposing sentence, the judge told defendant:

You were originally charged with murder in the second degree .... [t]he jury received three potential levels of offenses: Murder in the second degree, manslaughter, and negligent homicide. The jury found you guilty of negligent homicide.

Had you been convicted of one or the other offenses, the range of criminal penalty and punishment would have been significantly and substantially more, and in that event, some of the mitigation, which has been presented to this Court, may have been more compelling and appropriate, but given the jury verdict in this case and the offense for which you were found guilty and all of the factors that I have considered, both aggravating and mitigating, the Court is compelled to impose the aggravated sentence in this case.

The gist of these remarks, considered together with the finding that defendant demonstrated "extreme recklessness with a gun," which we discuss further below, apparently reflects that the trial court gave consideration to the greater charges for which defendant was not convicted, but of which there was substantial evidence. It is not an abuse of the judge's sentencing discretion to consider the original charges brought against a defendant when there is evidence that defendant committed crimes beyond the offense for which he faces sentence. *State v. Ethington*, 121 Ariz. 572, 574, 592 P.2d 768, 770 (1979) (citation omitted); *State v. Hanley*, 108 Ariz. 144, 146, 493 P.2d 1201, 1203 (1972).[3]

¶ 18 Ariz. Rev. Stat. Ann. (A.R.S.) § 13–702(B) (Supp.1997) requires that a sentencing court make factual findings, with reasons supporting the findings, as to aggravating

was dismissed and kidnapping trial resulted in acquittal); *State v. Andersen*, 177 Ariz. 381, 384–85, 868 P.2d 964, 967–68 (App.1993) (no error in sentencing judge's consideration of potential danger to third party created by defendant's drunkenly waving a firearm, although defendant was acquitted of aggravated assault in incident).

circumstances which it finds to be true. We have determined that the trial court could have found, on this record, an aggravating circumstance that defendant intended or knew that his conduct would cause serious physical injury to his victim. The trial judge may have meant to indicate this with his finding of dangerousness as an aggravating factor. We conclude that, if the trial court determined that defendant acted intentionally or knowingly in causing the gunshot wound that proved fatal in this case, this circumstance should be expressly set forth on remand, particularly in view of the jury's verdict finding the defendant guilty of acting negligently.

¶ 19 Defendant also argues that the trial court erred when it relied on extreme recklessness as a further aggravating factor. He asserts that because the jury convicted him of negligent homicide it necessarily acquitted him of a more culpable mental state, and, therefore, the trial court could not use any more culpable mental state such as recklessness to impose an aggravated term. The state argues that, at sentencing, the trial court may consider a more culpable mental state to impose an aggravated term. We agree with the state, but we also see no inconsistency between the jury verdict and the trial court's finding of extreme recklessness.

¶ 20 Defendant's argument is based on a flawed premise, that is, that "by returning a verdict of negligent homicide the jury rejected the state's contention that appellant's conduct was intentional or knowing." In *LeBlanc*, 186 Ariz. at 438, 924 P.2d at 442, our supreme court determined that a jury need not acquit on the greater charge before it may deliberate on a lesser. The jurors in this case were instructed, consistent with *LeBlanc*, that they could find defendant guilty of a lesser homicide charge if they either acquitted or could not agree on the greater charge. It is not true that the guilty verdict as to negligent homicide reflects an acquittal as to murder and manslaughter. Thus there is no inconsistency between the jury's decision to deliberate about and convict defendant of negligent homicide and the trial judge's determination that defendant acted with "extreme recklessness" in handling a firearm.

¶ 21 Defendant's recklessness in handling a gun was an appropriate consideration in determining an appropriate sentence in this case. The trial court, based on sufficient evidence, determined that this conduct was wrongful to a degree beyond that which sufficed to support the underlying charge of negligent homicide. Defendant's recklessness properly served to aggravate his sentence pursuant to A.R.S. § 13–702(C)(15) (Supp.1997) (in sentencing, court shall consider any aggravating factors appropriate to the ends of justice). *Germain*, 150 Ariz. at 290, 291, 723 P.2d at 108, 109.

¶ 22 Defendant also argues that the trial court improperly considered the fact that Diaz was an "innocent bystander." He claims that, using the trial court's logic, the victim of any negligent homicide is always an "innocent bystander," and an aggravated term can always be imposed.

¶ 23 We disagree with defendant's claim that the victim in every negligent homicide is an "innocent bystander." Had defendant unintentionally shot Perez instead of Diaz, Perez would not be considered an "innocent bystander" because he was the focus of defendant's aggression. The trial court made a fair distinction. *See* A.R.S. § 13–702(C)(15) (the trial court can consider any aggravating factor appropriate to the ends of justice).

¶ 24 Defendant next argues that the trial court disregarded mitigating factors. The trial court has the discretion to weigh aggravating and mitigating factors. *See State v. Ross*, 166 Ariz. 579, 582, 804 P.2d 112, 115 (App.1990). The trial court does not act arbitrarily if it investigates all the facts relevant to sentencing and finds aggravating and mitigating factors within the statutory guidelines. *See id.* (citations omitted).

¶ 25 Here the trial court evaluated various mitigating and aggravating factors pursuant to A.R.S. § 13–702(C) and (D) (Supp. 1997) and acted within its sound discretion when it determined that the aggravating factors outweighed the mitigating factors.

¶ 26 We remand this case so that the trial court may indicate its factual finding as to the aggravating factor it denominated as a "dangerous offense," and which we have determined may not be based on defendant's use of a firearm. If the trial court does not find that defendant intentionally or knowingly caused serious physical injury to Diaz, then the finding of an aggravating factor in the dangerousness of the offense was in error, and defendant must be resentenced.

¶ 27 The state argues that even if the trial court erred, we should not require resentencing because the remaining aggravating factors support the sentence. We disagree because the record does not indicate that the same sentence would have been imposed absent the dangerousness finding discussed above. *See State v. Ojeda*, 159 Ariz. 560, 561, 769 P.2d 1006, 1007 (1989); *State v. Hardwick*, 183 Ariz. 649, 656–57, 905 P.2d 1384, 1391–92 (App.1995).

## CONCLUSION

¶ 28 For the aforementioned reasons we remand this matter so that the trial court may set forth its findings pursuant to A.R.S. § 13–702(B) (Supp.1997), and if necessary, conduct another sentencing hearing.

RUDOLPH J. GERBER, Presiding Judge, and PHILIP E. TOCI, Chief Judge, concur.