NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

REYNEL AMADOR LUCERO, JR., *Petitioner.*

No. 1 CA-CR 13-0509 PRPC

FILED 2-10-2015

Petition for Review from the Superior Court in Maricopa County
No. CR2007-006312-001
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Reynel Amador Lucero, Jr., Florence
*Petitioner*

**MEMORANDUM DECISION**

Acting Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Peter B. Swann and Chief Judge Diane M. Johnsen joined.

**W I N T H R O P**, Acting Presiding Judge:

¶1            Petitioner, Reynel Amador Lucero, Jr. ("Lucero"), petitions this court for review of the trial court's summary dismissal of his second petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P.  We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

## BACKGROUND

¶2            In 2007, Lucero was indicted on two counts of sexual conduct with a minor under the age of fifteen, a class 2 felony and dangerous crime against children.  Upon trial to a jury, Lucero was convicted on both counts as charged.  The trial court sentenced Lucero to a twenty-year term of imprisonment on one count and a consecutive life term without the possibility of release for thirty-five years on the other.  This court affirmed Lucero's convictions and sentences on direct appeal.  *See State v. Lucero*, 223 Ariz. 129, 141, ¶ 40, 220 P.3d 249, 261 (App. 2009).

¶3            In 2010, Lucero commenced a timely post-conviction relief proceeding.  Appointed counsel filed a notice stating she had investigated the case but had found no claims to raise.  After repeated extensions, Lucero filed a *pro se* petition for post-conviction relief in May 2012, alleging claims of denial of due process, use of perjured testimony, and ineffective assistance of counsel.  On November 7, 2012, the trial court summarily dismissed the petition, finding all of the claims other than ineffective assistance of counsel were precluded and Lucero failed to state a colorable claim of ineffective assistance of counsel.  Lucero's petition for review of the trial court's ruling was dismissed by this court as untimely.

¶4            On May 6, 2013, Lucero filed a second petition for post-conviction relief, raising a claim of newly discovered evidence.  The newly discovered evidence consisted of documents obtained from the U. S. Army, which Lucero claimed showed that an Army investigator who interviewed him committed perjury while testifying about the interview at a voluntariness hearing and at his trial.  The trial court summarily dismissed the petition, ruling (1) Lucero failed to provide facts, affidavits, records, or other evidence to support why the claimed newly discovered evidence could not have been discovered through reasonable diligence, and (2) the evidence did not support a claim of newly discovered evidence under Rule 32.1(e) because its sole use would be for impeachment.  Lucero filed a timely petition for review.  *See* Ariz. R. Crim. P. 32.9(c); *State v. Savage*, 117

Ariz. 535, 536, 573 P.2d 1388, 1389 (1978) (applying Rule 1.3, Ariz. R. Crim. P., to a Rule 32.9(c) petition).

**ANALYSIS**

**¶5**        We review for an abuse of discretion the trial court's summary dismissal of a petition for post-conviction relief. *State v. Bennett*, 213 Ariz. 562, 566, ¶ 17, 146 P.3d 63, 67 (2006). We may uphold the trial court's ruling on any basis supported by the record. *State v. Robinson*, 153 Ariz. 191, 199, 735 P.2d 801, 809 (1987).

**¶6**        The trial court did not abuse its discretion in summarily dismissing Lucero's second petition for post-conviction relief. In its ruling dismissing the petition, the trial court correctly concluded that Lucero had failed to establish a colorable claim of newly discovered evidence because the evidence would be used solely for impeachment purposes. We need not address the trial court's reasoning on this issue because, as the trial court also found, Lucero failed to submit any evidence to show he "exercised due diligence in securing the newly discovered material facts," as Rule 32.1(e)(2) requires. *See State v. Saenz*, 197 Ariz. 487, 490-91, ¶ 13, 4 P.3d 1030, 1033-34 (App. 2000) (discussing the requirement that a defendant must have exercised due diligence for "newly discovered evidence" to result in a new trial); *State v. Andersen*, 177 Ariz. 381, 387, 868 P.2d 964, 970 (App. 1993) (recognizing that all elements must be satisfied to establish a claim of newly discovered evidence). Indeed, Lucero raised the matter of the investigator's alleged perjury in his first petition for post-conviction relief and had approximately a year-and-a-half between commencing that proceeding and filing his petition to obtain the evidence that is the subject of his claim of newly discovered evidence in this second post-conviction proceeding. In the absence of meritorious reasons indicating why the claim of newly discovered evidence could not have been raised through reasonable diligence in Lucero's previous petition for post-conviction relief, the trial court did not abuse its discretion in summarily dismissing his untimely and successive second petition. *See* Ariz. R. Crim. P. 32.2(b).

¶7        Accordingly, we grant review, but deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: ama