NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

PATRICK JOSEPH LEJMAN, *Appellant*.

No. 1 CA-CR 15-0462
FILED 4-7-2016

Appeal from the Superior Court in Maricopa County
No.  CR2005-005216-001 DT
The Honorable Joseph C. Kreamer, Judge

**DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

---

**J O N E S**, Judge:

¶1        Patrick Lejman appeals the trial court's denial of his motion to quash the sex offender registration requirement contained in his plea agreement.  After searching the entire record, Lejman's defense counsel has identified no arguable non-frivolous question of law.  Citing *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Lejman was given an opportunity to file a brief *in propria persona* but did not do so.  Because we do not have jurisdiction to review the denial of a request to amend a plea agreement, we dismiss the appeal.

**FACTS AND PROCEDURAL HISTORY**

¶2        In October 2005, Patrick Lejman was charged with sexual abuse, aggravated assault, and resisting arrest.  Although Lejman was under eighteen years of age at the time of the offense, he was charged as an adult pursuant to Arizona Revised Statutes (A.R.S.) section 13-501(A)(6).[1]  In February 2006, Lejman pleaded guilty to attempted sexual abuse in violation of A.R.S. §§ 13-1001(A) and -1404(A).  The conditions of the plea agreement included lifetime probation and lifetime sex offender registration.

¶3        In March 2015, Lejman filed a "motion to quash" the sex offender registration requirement pursuant to A.R.S. § 13-3821(G) (authorizing the court to terminate a duty to register as a sex offender if the person was under eighteen years of age at the time of adjudication and successfully completes probation).  The trial court denied the motion, and Lejman timely appealed.

---

[1]        Absent material changes from the relevant date, we cite a statute's current version.

**DISCUSSION**

**¶4**　　　We find no jurisdictional support, nor does Lejman provide any, for consideration of this appeal. An appeal may be taken by the defendant in a criminal matter only under certain circumstances. *See* A.R.S. §§ 13-4031, -4033. Lejman is not appealing a "final judgment of conviction or verdict of guilty except insane." *See* A.R.S. § 13-4033(A)(1). Nor is he appealing from "[a]n order denying a motion for a new trial, . . . [or a] sentence on the grounds that it is illegal or excessive." *See* A.R.S. § 13-4033(A)(2), (4). And, for the following reasons, we conclude the trial court's denial of Lejman's motion did not affect his substantial rights. *See* A.R.S. § 13-4033(A)(3).

**¶5**　　　Although titled otherwise, Lejman's motion is essentially one for modification of the sentence imposed pursuant to his plea agreement. Generally, a defendant "may not appeal from a judgment or sentence that is entered pursuant to a plea agreement or an admission to a probation violation." A.R.S. § 13-4033(B). A right of appeal does arise from an order changing or modifying the judgment or sentence originally imposed as "[a]n order made after judgment affecting the substantial rights of the party." A.R.S. § 13-4033(A)(3); *see State v. Jimenez*, 188 Ariz. 342, 345 (App. 1996) (holding the denial of a motion to modify terms of a defendant's probation is not an order affecting the substantial rights of the defendant) (citing *Arvizu v. Fernandez*, 183 Ariz. 224, 226-27 (App. 1993), and *State v. Hovey*, 175 Ariz. 219, 220 (App. 1993)). But, the trial court's order here did not change or modify Lejman's sentence. Accordingly, we have no jurisdiction to consider his appeal.

**CONCLUSION**

**¶6**　　　Having no appellate jurisdiction, we dismiss Lejman's appeal.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama