NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DWIGHT JENKINS, *Petitioner*.

No. 1 CA-CR 15-0823 PRPC
FILED 7-27-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2008-007347-001
CR2008-031018-001
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Dwight Jenkins, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Jon W. Thompson joined.

---

**M c M U R D I E**, Judge:

**¶1** Dwight Jenkins petitions for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2** On September 1, 2009, Jenkins pled guilty to one count each of burglary in the first degree, a Class 2 felony with one prior felony conviction, and possession of narcotic drugs for sale, also a Class 2 felony with one prior felony conviction. The superior court imposed concurrent prison terms, the longest being 18.5 years for the burglary conviction.

**¶3** On June 29, 2012, Jenkins filed a petition for post-conviction relief. He raised a claim of newly discovered evidence. The new evidence consisted of a recent post-traumatic stress disorder ("PTSD") diagnosis. Per Jenkins, he "was advised that the abuse he endured as a youth into his teen years probably played a major rule in his poor decision making which led him to want to dominate people as an adult as he was dominated by adults as a youth." The superior court summarily dismissed the Rule 32 proceeding without an evidentiary hearing. Ultimately, the Arizona Supreme Court granted review and remanded to the superior court so Jenkins could have the opportunity to show that his PTSD diagnosis might have altered his sentence.

**¶4** On remand, and in compliance with the supreme court's orders, the superior court appointed Jenkins counsel to file a petition for post-conviction relief. Counsel did so, and repeated Jenkins's argument that his post-sentencing PTSD diagnosis constituted newly discovered evidence entitling him to an evidentiary hearing. The superior court summarily denied the petition, and Jenkins timely sought review.

**¶5** For a Rule 32 petitioner to obtain post-conviction relief based on newly discovered evidence:

(1) The evidence must appear on its face to have existed at the time of trial but be discovered after trial;

(2) The [petition] must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention;

(3) The evidence must not simply be cumulative or impeaching;

(4) The evidence must be relevant to the case;

(5) The evidence must be such that it would likely have altered the verdict, finding, or sentence if known at the time of trial.

*State v. Bilke*, 162 Ariz. 52, 52–53 (1989).

**¶6**      Contrary to Jenkins's argument, all *Bilke* requirements must be satisfied to establish a colorable claim of newly discovered evidence. *See State v. Andersen*, 177 Ariz. 381, 387 (App. 1993) (petition failed to present colorable claim because one requirement not established). The superior court found Jenkins had established the first four *Bilke* factors. However, addressing the fifth *Bilke* factor, the court found the following:

1. Although the defendant did present mitigating circumstances, they were far outweighed by the aggravating circumstances. The defendant had two prior felony convictions, was on parole absconder status and one of the offenses involved the defendant's active participation with accomplices in a very violent home invasion armed robbery.

2. The emotional, financial, and physical harm to the victims in the Burglary in the First Degree matter, especially the female victim, was immeasurable.

3. If the Court had been aware of the defendant's post-traumatic stress disorder diagnosis at the time of sentencing, it would not have affected the outcome of the defendant's sentence in either case.

**¶7**      "A petition for post-conviction relief is addressed to the sound discretion of the trial court," and this Court reviews "a trial court's

3

factual findings for clear error." *State v. Herrera*, 183 Ariz. 642, 647–48 (App. 1995) (citing *State v. Schrock*, 149 Ariz. 433, 441 (1986); *State v. Cuffle*, 171 Ariz. 49, 51 (1992)).

**¶8** Jenkins fails to establish an abuse of discretion. He does not point to any facts in the record that contradict the superior court's findings supporting its conclusion that the PTSD diagnosis would not have affected the sentences imposed. *See* Ariz. R. Crim. P. 32.9(c)(1)(iii) (petition for review is required to contain "the facts material to a consideration of the issues presented for review"). Further, the superior court judge who denied Jenkins's petition was the same judge who accepted the plea and sentenced Jenkins. Thus, this judge was in the best position to determine whether Jenkins's PTSD would have affected the sentences imposed.

**¶9** We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

4