NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

SCOTT ST. PIERRE, *Petitioner*.

No. 1 CA-CR 16-0144 PRPC
FILED 11-21-2017

Petition for Review from the Superior Court in Yavapai County
No. P1300CR201301197
The Honorable Tina R. Ainley, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Michael P. McGill
*Counsel for Respondent*

C. Kenneth Ray II, P.L.L.C., Prescott
By C. Kenneth Ray, II
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

---

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1         Scott St. Pierre petitions this Court for review from the dismissal of his petition for post-conviction relief filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2         St. Pierre was at a party attended by several people when he shot a woman in the hand.  The bullet pierced the victim's hand and hit her boyfriend in the head, killing him.  St. Pierre fired more shots in the home and outside as he fled through a residential area.

¶3         The State charged St. Pierre with one count of second degree murder, one count of aggravated assault, and four counts of disorderly conduct.  It alleged the second degree murder charge was a dangerous offense because St. Pierre used a firearm to commit the crime.  The State also alleged the following aggravating circumstances: (1) the infliction or threatened infliction of serious physical injury; (2) the victim or, if the victim has died as a result of St. Pierre's conduct, the victim's immediate family, suffered physical, emotional, or financial harm; (3) any other factor that the State alleges is relevant to St. Pierre's character or background or to the circumstances of the crime, to-wit: St. Pierre was using illegal drugs just prior to the commission of the offense (methamphetamine).  Finally, the State alleged the charged offenses were violent crimes committed while St. Pierre was under the influence of marijuana, a dangerous drug, or a narcotic drug ("Allegation of Violent Crime Committed While Under the Influence").  As the State explained, if this latter allegation was proven, the court would be required to sentence St. Pierre to a flat time prison term and St. Pierre would be ineligible to receive earned release credits.

¶4         St. Pierre subsequently pled guilty to an amended count of manslaughter, one count of aggravated assault, and one consolidated count of disorderly conduct, all dangerous felonies, based on St. Pierre's use of a firearm to commit the offenses.  For the manslaughter offense, and pursuant to the sentence enhancement provisions of Arizona Revised Statutes

("A.R.S.") section 13-704(A), St. Pierre agreed that the sentencing range was 7 years to a maximum of 21 years with a presumptive sentence of 10.5 years. As part of the plea agreement, the State dismissed the Allegation of Violent Crime Committed While Under the Influence. At sentencing, the superior court found and weighed mitigating and aggravating factors and imposed an aggravated eighteen-year prison term for the manslaughter conviction. As aggravating factors, the court found: use of a deadly weapon, St. Pierre was under the influence of methamphetamine at the time the offense, the number of potential victims, and extreme harm to the victim's family. Regarding the aggravated assault and disorderly conduct offenses, the court imposed presumptive terms of imprisonment and ordered all sentences to run concurrently.

¶5            St. Pierre thereafter initiated post-conviction relief proceedings. In his petition, St. Pierre challenged the aggravated sentence, arguing the court erred in considering use of a deadly weapon and his being under the influence of methamphetamine as aggravating factors. The court denied the petition, and St. Pierre timely sought review. We review the denial of post-conviction relief for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶6            A trial court may impose an aggravated prison term only if one or more statutory aggravating circumstances are found or admitted. A.R.S. § 13-701(C) (2013). Section 13-701(D) lists twenty-four aggravating factors, including physical, emotional, or financial harm to the victim or, if the victim died as a result of the defendant's conduct, the victim's immediate family. A.R.S. § 13-701(D)(9). Section 13-701(D)(24) is the so-called "catch-all" aggravator, which permits the trier of fact to consider "[a]ny other factor that the state alleges is relevant to the defendant's character or background or to the nature or circumstances of the crime." *State v. Bonfiglio*, 231 Ariz. 371, 373, ¶ 8 (2013). Aggravating a sentence based solely on the catch-all provision is improper, *State v. Schmidt*, 220 Ariz. 563, 566, ¶ 12 (2009), but after the court identifies one of the factors in A.R.S. § 13-701(D)(1)-(24), the court may rely on the catch-all provision to increase the sentence, *Bonfiglio*, 231 Ariz. at 372, ¶ 1. The court also may not aggravate a sentence based on use of a deadly weapon if it "is an essential element of the offense of conviction or has been utilized to enhance the range of punishment under § 13-704." A.R.S. § 13-701(D)(2); *see State v. Harvey*, 193 Ariz. 472, 476, ¶ 16 (App. 1998) (when finding of dangerousness is based on use of a deadly weapon, "[t]he trial judge [is] . . . foreclosed from aggravating defendant's sentence based on his use of a deadly weapon.").

¶7          Repeating the arguments he made in the superior court, St. Pierre contends the court improperly relied on his use of a deadly weapon and being under the influence of methamphetamine to aggravate his sentence for manslaughter.[1]  Regarding his use of a deadly weapon, St. Pierre contends the court was statutorily prohibited from considering it as an aggravating factor because it was the predicate for finding the manslaughter offense was dangerous, and the court subsequently used it to impose an enhanced sentence under A.R.S. § 13-704(A).  The State concedes error on this point, and we agree that the court should not have considered use of a deadly weapon as an aggravating circumstance at sentencing.  *See* A.R.S. § 13-701(D)(2); *Harvey*, 193 Ariz. at 475.  However, as explained *infra*, St. Pierre's aggravated sentence was lawful and he is not entitled to relief.

¶8          St. Pierre argues that, because the State withdrew the Allegation of Violent Crime Committed While Under the Influence, the court erred in finding as an aggravating factor his impairment by methamphetamine at the time of the offenses.  The Allegation of Violent Crime Committed While Under the Influence was based on A.R.S. § 41-1604.15, which provides:

> Notwithstanding any law to the contrary, any person who is convicted of a violent crime . . . that is committed while the person is under the influence of marijuana, a dangerous drug or a narcotic drug as defined in § 13-3401 is not eligible for probation or release on any basis until the entire sentence has been served.  Pursuant to § 41-1604.07, the director shall include any such person in a noneligible earned release credit

---

[1]          As he did in superior court, St. Pierre also challenges the court's finding the aggravating circumstance of use of a deadly weapon to impose the aggravated assault and disorderly conduct sentences.  However, the court sentenced him to presumptive sentences for those convictions.  Accordingly, the court did not rely on use of a deadly weapon to increase St. Pierre's sentences, and no error occurred.  *See State v. Johnson*, 210 Ariz. 438, 442, ¶ 13 (App. 2005) (no error when court considered aggravating factor not found by jury but sentenced defendant to presumptive terms); *see also State v. Ramsey*, 211 Ariz. 529, 543 n.7, ¶ 45 (App. 2005) (trial court's consideration of "lack of remorse" as aggravating factor did not warrant resentencing in view of "additional aggravating factors" found by the court and the presumptive sentence imposed).  Thus, we limit our review to the aggravated sentence imposed for the manslaughter offense.

class and the prisoner is not eligible for placement in an eligible earned release credit class.

¶9            Considering the language of A.R.S. § 41-1604.15, St. Pierre misconstrues the Allegation of Violent Crime Committed While Under the Influence and the State's agreement to withdraw it. Section 41-1604.15 says nothing about considering the commission of a violent crime while under the influence of a dangerous drug as an aggravating factor to be used at sentencing. Rather, by dismissing the allegation, the State apparently intended St. Pierre to not be prohibited from obtaining earned release credits based solely on his commission of a violent crime while under the influence of methamphetamine.

¶10            Here, the superior court could properly consider the potential number of victims and St. Pierre's methamphetamine impairment as aggravating factors under the catch-all provision because the court found harm to the victim's family under A.R.S. § 13-701(D)(9), an aggravating factor St. Pierre admitted. Because the court relied on proper factors and the improper factor of use of a deadly weapon in aggravating St. Pierre's sentence, we will affirm if the record clearly shows the court would have reached the same decision without consideration of the improper factor. *See State v. Hardwick*, 183 Ariz. 649, 656-57 (App. 1995).

¶11            Nothing in the record indicates the court—by relying on St. Pierre's methamphetamine impairment, harm to the victim's family, and the number of potential victims—would not have imposed an eighteen-year prison term. Significantly, the court commented, "[W]ithout the methamphetamine, . . . this would not have happened." Further, the court determined that the extreme harm to the deceased victim's family, when compared to the relatively lesser harm to the aggravated assault and disorderly conduct victims, warranted an aggravated sentence for the homicide offense and presumptive sentences for the other offenses. With the record otherwise supporting the three aggravating factors properly considered by the court, we cannot find the court abused its discretion in imposing an eighteen-year prison term. *See State v. Martinez*, 210 Ariz. 578, 584, ¶ 21 (2005) ("Under Arizona's sentencing scheme, once a jury implicitly or explicitly finds one aggravating factor, a defendant is exposed to a sentencing range that extends to the maximum punishment available under section 13-702. Under those circumstances, a trial judge has discretion to impose any sentence within the statutory sentencing range.") (citations omitted).

¶12        For the foregoing reasons, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA