781 P.2d 28

**STATE of Arizona, Appellee,**

v.

**Mitchell Paul BILKE, Appellant.**

**No. CR–88–0352–PR.**

Supreme Court of Arizona,
En Banc.

Aug. 31, 1989.

Robert K. Corbin, Atty. Gen., by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Jim D. Himelic, P.C. by Jim D. Himelic, Tucson, for appellant.

## OPINION

MOELLER, Justice.

### FACTS

In 1974, defendant Mitchell Paul Bilke was convicted of three counts of armed robbery, three counts of armed rape, one count of armed kidnapping, and six counts of lewd and lascivious acts. Defendant's defense at trial was not insanity, but instead, mistaken identity. He was sentenced to consecutive, indeterminate sentences totalling not less than 59 nor more than 170 years.[1] This proceeding does not involve the validity of the convictions.

In late 1987, defendant filed an amended petition for post-conviction relief (PCR). In it he claimed, as newly-discovered evidence, that he had been recently diagnosed as

---

1. The sentences are indeterminate because defendant was sentenced under the "old" pre–1978 criminal code.

suffering from post-traumatic stress disorder (PTSD) with a resulting partial disability award from the Veterans Administration. The PTSD was a result of defendant's combat military service in Vietnam. He contended that, although only recently diagnosed, he suffered from the disorder at the time he committed the crimes for which he was convicted and sentenced in 1974.

An extensive psychological examination was performed on defendant. The examining psychologist conducted numerous tests and examined military and medical records of the defendant. He confirmed the recent diagnosis of PTSD and also concluded that defendant suffered from it at the time he committed the crimes for which he was convicted. The report described in a graphic and chilling manner the Vietnam experiences that led to the condition. The report concluded that the PTSD had impaired defendant's cognitive abilities and that his criminal activities were the result of the PTSD, resultant alcoholism, massive societal rejection of Vietnam veterans, defendant's isolated paranoid maladjustment to his social environment, and prior inappropriate mental health treatment.

The report pointed out the following as examples of prior inappropriate "treatment": after his return from Vietnam, defendant was assigned to the Marine security guard school in Arlington, Virginia as a result of his outstanding record. While there, defendant, then age twenty-one, began experiencing headaches, memory lapses, nervousness, sleep interruption, recurring thoughts of Vietnam combat, nightmares, guilt, and perceptual distortion (seeing combat or threatening situations during drill practice, i.e., flashbacks). When he sought medical attention, he was given aspirin and told "you'll get over it." When he contacted his commanding officer, he was told he "was weak—Marines don't feel that way."

In addition to the medical and psychological reports, the PCR was supported by affidavits of defendant's relatives and friends which compared, in detail, his pre- and post-Vietnam conduct.

The trial court denied the PCR without an evidentiary hearing. Defendant petitioned Division Two of the court of appeals for review. By order, that court denied relief, holding that the trial court had properly summarily denied the PCR because the newly discovered evidence "would probably not have changed the verdict if a new trial were ordered." The court of appeals' order is silent with respect to the sentencing phase of the case. Satisfied that defendant was properly convicted for the crimes he committed, we limited our review to the sentencing phase of the case.

## ISSUE AND JURISDICTION

We must decide whether defendant made a colorable claim entitling him to an evidentiary hearing to determine whether the diagnosis of PTSD and the other materials submitted constituted newly-discovered evidence that might have affected defendant's sentence. We have jurisdiction pursuant to article 6, § 5(3) of the Arizona Constitution and Rule 31.19 of the Arizona Rules of Criminal Procedure.

## DISCUSSION

Rule 32 of the Arizona Rules of Criminal Procedure describes the manner in which a defendant may obtain post-conviction relief. Rule 32.1(e)(1) provides that a defendant may seek relief if newly-discovered material facts exist, which, if introduced, might have affected the verdict, finding, or sentence. A defendant is entitled to an evidentiary hearing on his allegation of newly-discovered evidence if he presents a "colorable claim." *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988); *see also State v. Fisher*, 141 Ariz. 227, 250–51, 686 P.2d 750, 773–74, *cert. denied*, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984).

A colorable claim in a newly-discovered evidence case is presented if the following five requirements are met: (1) the evidence must appear on its face to have existed at the time of trial but be discovered after trial; (2) the motion must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the

court's attention; (3) the evidence must not simply be cumulative or impeaching; (4) the evidence must be relevant to the case; (5) the evidence must be such that it would likely have altered the verdict, finding, or sentence if known at the time of trial. *See Fisher*, 141 Ariz. at 250–51, 686 P.2d at 773–74. The decision whether a colorable claim is presented and an evidentiary hearing is warranted is, to some extent, discretionary with the trial court; however, outer limits to that discretion exist. *State v. Adamson*, 136 Ariz. 250, 265, 665 P.2d 972, 987 (1983). This case involves the issue of whether the subsequent diagnosis of PTSD which existed at the time of the offenses, together with the other information submitted with the PCR, present a colorable claim insofar as the sentencing phase of the case is concerned.

■ At least two cases in Arizona have involved PTSD, including one in which the diagnosis of PTSD was offered as newly-discovered evidence under Rule 32.1(e). *See State v. Jensen*, 153 Ariz. 171, 174, 735 P.2d 781, 784 (1987). In *Jensen*, the trial court granted the PCR and ordered a new trial. Although *Jensen* is somewhat similar to this case, this court declined to review the trial court's grant of a new trial in *Jensen*. Thus, *Jensen* is not clear authority for the proposition that PTSD can constitute newly-discovered evidence on a Rule 32 petition. Instead, it demonstrates that a trial judge found that Jensen made a colorable claim and this court chose not to examine that finding.

In the second Arizona case, a former police officer brought a claim for worker's compensation benefits more than twenty years after a life-threatening incident upon which a diagnosis of PTSD was later based. *Henry v. Industrial Commission*, 157 Ariz. 67, 754 P.2d 1342 (1988). This court held that plaintiff's claim was timely filed, even though made twenty years after the incident, because PTSD was not diagnosa-

ble at the time the plaintiff sought treatment. *Id.*

Acknowledging that PTSD has been recognized in these two instances, we proceed to determine whether defendant has established a colorable claim entitling him to a Rule 32 evidentiary hearing in this case.

Defendant easily meets the first requirement that the evidence be newly-discovered; his PTSD was not diagnosed until well after his trial and was not a recognized mental condition at the time of his trial. Like the *Henry* case, while defendant may have been aware that his mental condition was not stable, he was not aware that he suffered from PTSD. Second, defendant was diligent in pursuing this remedy. He brought his condition to the court's attention shortly after its diagnosis. Third, the evidence was not merely cumulative or impeaching. Fourth, the evidence is relevant to sentencing. The mental condition and impaired capacity of a defendant are commonly considered in arriving at sentencing decisions.[2] They can shed considerable light on why a defendant committed the acts and what an appropriate sentence would be. Finally, the fifth element has been met. Our review of the evidence persuades us that, had it been available at the time of sentencing, it might well have altered the sentence imposed. Had the sentencing judge been aware that a mental disease known as post-traumatic stress disorder existed, that defendant suffered from it as a direct result of his outstanding military service in Vietnam, and that the disorder was a causative factor leading to the commission of the crimes, he might well have sentenced defendant differently.

## DISPOSITION

On the record before us, we hold that defendant has presented a colorable claim that newly-discovered evidence exists that might have altered the sentence he received. Therefore, we set aside the order

---

2. In fact, consideration of mental condition at sentencing has now been codified. *See* A.R.S. § 13–702(E)(2) (at sentencing, court should consider as mitigation, "[t]he defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution").

of the trial court dismissing the petition and remand for an evidentiary hearing pursuant to Rule 32.8 to determine whether defendant should be resentenced.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and CORCORAN, JJ., concur.