IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. AP-75,245






EX PARTE ADRIAN CHAVEZ, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


FROM THE 183rd JUDICIAL DISTRICT COURT 


HARRIS COUNTY




 



 Holcomb, J., filed a dissenting opinion, in which Womack and Johnson, JJ.,
joined.



 I respectfully dissent. As the majority admits, "the evidence now preponderates to
show and the State seems to concede" that "applicant was only the wheel-man in the instant
offense" and not the shooter. Maj. Op., p.4, fn.3. That being the case, it is apparent to me
that applicant's jury, when it assessed his punishment at imprisonment for 55 years for the
aggravated robbery of a drug dealer, was materially misinformed with respect to the true
nature of his involvement in that offense. Had the jury heard all of the evidence available
today, there is a reasonable probability that it would have assessed a less-severe punishment. 
Practically speaking, a jury is not going to give that amount of time for the robbery of a drug
dealer. For that reason, the Fourteenth Amendment's guarantee of due process requires that
applicant be awarded a new punishment hearing. 

 The majority, in my opinion, unduly penalizes applicant for not informing his attorney,
until it was too late, about the true extent of his involvement in the offense. I further fault
the majority for not giving sufficient deference to the trial court's determination that
applicant should be given a new punishment hearing, especially when the State seems to
agree that applicant was not the shooter.

 In Ex parte Rich, 194 S.W.3d 508 (Tex.Crim.App. 2006), we granted habeas corpus
relief in a case in which the applicant had pled guilty to a driving-while-intoxicated charge
and "true" to an enhancement paragraph that had been pled as a felony but, it was later
discovered, had been reduced to a misdemeanor. The net result was that the applicant was
granted a new trial on punishment because of misinformation regarding punishment. The
instant case also involves misinformation regarding punishment.

 Both the United States Supreme Court and this Court, in discussing post-conviction
claims of actual innocence, have recognized that the legitimacy of punishment is inextricably
intertwined with guilt. Herrera v. Collins, 506 U.S. 390, 422 (1993) (Blackmun, J.,
dissenting); Ex parte Elizondo, 947 S.W.2d 202, 205 (Tex.Crim.App. 2002). Other states
have authorized a new trial on punishment when it appears that, had the jury heard all of the
evidence, there is a reasonable probability the jury would have assessed a less-severe
punishment. See State v. Bilke, 781 P.2d 28 (Ariz. 1989); Ariz. R. Crim. Proc. 32.1(e); Ala.
R. Crim. Proc. 32.1(e)(4).

 Recently, this Court, in Ex parte Carmona, 184 S.W.3d 482 (Tex.Crim.App. 2006),
decided that the applicant's unadjudicated community supervision had been revoked without
due process of law because it had been revoked "solely on the basis of perjured testimony." 
I believe that the punishment hearing in a criminal jury trial is similar to a hearing on
adjudication and punishment. In that case, it was the perjured testimony which we concluded
had violated the applicant's right to due process; in this case, it was the highly prejudicial
false testimony that applicant had been the shooter, which, I believe, led to the jury assessing
a very harsh punishment.

 Because the jury did not know applicant was not in the drug dealer's house, and
believed incorrectly that he was the shooter, due process requires that we award applicant a
new hearing on punishment. Because the majority holds otherwise, I respectfully dissent.


DELIVERED NOVEMBER 22, 2006

PUBLISH