NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

WILLIAM FRANKLIN REESE, *Petitioner*.

No. 1 CA-CR 13-0009 PRPC
FILED 4-8-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR2011-101500-003
The Honorable Kristin C. Hoffman, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur Hazelton
*Counsel for Respondent*

William Franklin Reese, Kingman
*Petitioner Pro Se*

_____

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

_____

**T H O M P S O N,** Judge:

¶1        Petitioner William Franklin Reese petitions this court for review from the dismissal of his petition for post-conviction relief. Presiding Judge Andrew W. Gould and Judges Jon W. Thompson and Peter B. Swann have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        Reese pled guilty to trafficking in stolen property and the trial court sentenced him to a stipulated term of 9.5 years' imprisonment. Reese now seeks review of the dismissal of his untimely pro se petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3        In his petition for review, Reese claims law enforcement officers tracked a vehicle in which he was a passenger through the warrantless use of a Global Positioning System ("GPS") device. Reese argues his trial counsel was ineffective when he failed to discover the officers' use of the GPS device, inform Reese of the use of the device and/or move to suppress evidence obtained through the use of the device. Reese further contends his petition for post-conviction relief is timely because he only recently learned the officers' used the GPS device. Finally, Reese argues the Supreme Court's decision in *United States v. Jones*, 132 S. Ct. 945 (2012), regarding the warrantless use of GPS tracking devices constitutes a significant change in the law.[1]

¶4        To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show

_____

[1] While Reese presented additional issues below, he does not present those issues for review.

prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. To be entitled to relief based on newly discovered evidence, a defendant must establish the following: (1) the evidence appears on its face to have existed at the time of trial but was discovered after trial; (2) the petition alleges facts from which the court could conclude the defendant diligently discovered the facts and notified the court; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is relevant; and (5) the evidence would likely have altered the verdict, finding, or sentence if known at the time of trial. *State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989).

**¶5** We deny relief. Reese has never offered any evidence that law enforcement officers used a GPS device to track the vehicle. He identifies no documents that reference GPS tracking and does not identify any witnesses who would testify regarding GPS tracking. Reese merely makes the bald assertion that someone used GPS to track the vehicle. This is not sufficient to present a colorable claim on any basis based on the alleged use of a GPS device. Further, Reese concedes his wife owned the vehicle and that his codefendant was driving at all relevant times while Reese was merely a passenger. Reese offers no evidence he had a reasonable expectation of privacy in the movements of the vehicle. Therefore, he has failed to establish he would have had a basis to suppress any evidence allegedly obtained through the use of a GPS device.

**¶6** In further regard to the claims of ineffective assistance, Reese concedes he does not know if his counsel was aware of the use of a GPS device and does not know if the State disclosed the use of a GPS device. Further, as noted above, Reese has never offered any evidence that law enforcement officers used a GPS device to track the vehicle and he has never identified any evidence through which counsel could have learned of the use of a GPS device. Reese has, therefore, failed to state any claims of ineffective assistance based on the alleged use of a GPS device. We also note that even if counsel knew of the use of a GPS device, counsel had no grounds to file a motion to suppress based on the absence of a warrant. In *United States v. Jones*, the Supreme Court held for the first time that the government installation of a GPS device on a vehicle for the purpose of monitoring the vehicle's movements constitutes a "search" that ordinarily requires a warrant. 132 S. Ct. 945, 949 (2012). The Court, however, did not decide *Jones* until nearly three months after Reese pled guilty. *See id.* Prior to *Jones*, the Court held the warrantless use of an electronic device to track the movements of a suspect's vehicle did not violate the Fourth Amendment. *United States v. Knotts*, 460 U.S. 276, 281-82 (1983).

¶7      For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: MJT