NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHN LIMON FRAUSTO, *Petitioner*.

No. 1 CA-CR 13-0169 PRPC
FILED 08-26-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2003-010172-001 DT
The Honorable Andrew G. Klein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

John Limon Frausto, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Maurice Portley delivered the decision of the Court, in which Judge Michael J. Brown and Chief Judge Diane M. Johnsen joined.

**P O R T L E Y**, Judge:

¶1        Petitioner John Limon Frausto petitions this court for review from the dismissal of his petition for post-conviction relief. Presiding Judge Maurice Portley, Judge Michael J. Brown and Chief Judge Diane M. Johnsen have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury convicted Frausto of armed robbery and he was sentenced to prison for twenty-two years. We affirmed his conviction and sentence on direct appeal. *State v. Frausto*, 1 CA-CR 05-0478 (Ariz. App. Dec. 19, 2006). Frausto now seeks review of the summary dismissal of three pleadings the trial court considered as his third successive petition for post-conviction relief. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.9(c).

¶3        The petition for review properly presents two issues. Frausto first argues his trial counsel was ineffective when her failure to properly advise him of the risks and benefits of accepting a plea offer versus proceeding to trial caused him to reject a favorable plea offer. He further argues counsel was ineffective when she failed to submit unidentified mitigating evidence for the trial court's consideration at sentencing.

¶4        Frausto could have raised both issues in a prior petition for post-conviction relief. Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). While Frausto contends he may raise these issues pursuant to Rule 32.1(e) based on newly discovered evidence, he does not identify any newly discovered evidence. Further, he does not allege nor prove there was evidence that existed at the time of trial that he did not discover until after trial, nor does he allege or prove he was diligent in discovering the evidence and bringing it to the court's attention. *See State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989). A defendant who seeks post-conviction relief based on newly discovered evidence must establish these as well as other factors. *Id.* Therefore, Frausto has failed to state a colorable claim for relief based on newly discovered evidence. Accordingly, we deny review of the two issues related to the alleged ineffective assistance of his trial lawyer.

¶5        The petition for review also presents additional issues, but Frausto did not raise those issues in his petition for post-conviction relief filed with the trial court. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *see State v.*

*Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991).  As a result, we will not consider his additional issues.

¶6        We grant review of the petition for review, and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh