NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

LEE ROY CLEMONS, *Petitioner.*

No. 1 CA-CR 13-0180 PRPC
FILED 08-26-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR2005-135498-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorneys' Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Lee Roy Clemons, Florence
*Petitioner In Propria Persona*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Chief Judge Diane M. Johnsen joined.

---

**B R O W N**, Judge:

**¶1**         Lee Roy Clemons petitions this court for review from the dismissal of his petition for post-conviction relief.  For the reasons stated, we grant review and deny relief.

**¶2**         A jury convicted Clemons of armed robbery of a motel and the trial court sentenced him to life imprisonment with a possibility of parole after twenty-five years.  We affirmed Clemons' conviction and sentence as modified on direct appeal.  *State v. Clemons*, 1 CA-CR 06-0920, 2008 WL 2641308 (Ariz. App. Jan. 10, 2008).  Clemons now seeks review of the dismissal of his latest successive petition for post-conviction relief.  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**         Clemons argues he has newly discovered evidence that entitles him to relief.  He asserts there should be a receipt somewhere showing that the desk clerk who was the victim of the robbery did not, as she testified at trial, close out a cash register and put a paper clip on twenty one-dollar bills that police later found in Clemons' possession and which the victim identified at trial.[1]  Clemons also argues his trial counsel was ineffective for failing to discover the alleged receipt.

**¶4**         To be entitled to post-conviction relief based on newly discovered evidence, a defendant must establish, among other factors, (1) the evidence existed at the time of trial but the defendant discovered it after trial; (2) the defendant was diligent in discovering the new evidence and bringing it to the court's attention; and (3) the evidence is not simply

---

[1]     The victim identified Clemons at the time of his arrest and at trial as the person who robbed her at knifepoint.

cumulative or impeaching. *State v. Bilke*, 162 Ariz. 52, 52-53, 781 P.2d 28, 29-30 (1989).

**¶5**        Clemons, however, offers no evidence such a receipt actually exists, but merely speculates that one should exist based on his observations as to how register close-outs are handled at the Department of Corrections cafeteria. Second, Clemons has not alleged any facts from which one could conclude he was diligent in discovering the new evidence and bringing it to the court's attention. With the exception of his own pleadings, all of the supporting materials Clemons provides existed at the time of trial.[2] He offers no explanation for why he could not have raised this issue in one of his prior post-conviction relief proceedings. Finally, Clemons concedes he would offer the evidence to impeach the victim's testimony. For these reasons, Clemons has failed to state any colorable claim for relief based on newly discovered evidence.

**¶6**        While the petition for review presents additional issues, Clemons did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶7**        Based on the foregoing, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh

---

[2]      Clemons did not provide any of these materials to the trial court for consideration.