NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GEARY WAYNE WALTON, *Petitioner*.

No. 1 CA-CR 13-0236 PRPC
FILED 09-25-2014

Petition for Review from the Superior Court in Maricopa County
Nos. CR0000-096136, CR0000-097176, CR1987-009953
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Geary Wayne Walton, Florence
*Petitioner*

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Patricia A. Orozco and Judge Maurice Portley joined.

J O H N S E N, Judge:

¶1         Petitioner Geary Wayne Walton petitions this court for review from the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2         In 1988, in two cases consolidated for trial, a jury convicted Walton of attempted sexual abuse, public sexual indecency with a minor and eight counts of sexual conduct with a minor.  The superior court sentenced Walton to consecutive sentences of 15 years' imprisonment for attempted sexual abuse, six years for public sexual indecency with a minor, 35 years for one count of sexual conduct with a minor and life imprisonment with a possibility of parole after 35 years for the remaining seven counts of sexual conduct with a minor.  We affirmed Walton's convictions and sentences on direct appeal in 1991.  *State v. Walton*, 1 CA-CR 90-1304 (Ariz. App. Sept. 10, 1991) (mem. decision).  Walton now seeks review of the summary dismissal of his latest successive petition for post-conviction relief.[1]  We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3         Walton argues the superior court erred when it admitted evidence of a prior conviction in which Walton pled no contest and when it admitted victims' out-of-court statements.  Walton also contends his trial counsel was ineffective when he failed to challenge the sufficiency of the indictments, when he failed to sufficiently challenge the State's motion to amend the indictments, and when he failed to move for a new trial pursuant to Arizona Rule of Criminal Procedure 24.1.  Walton further argues the evidence was insufficient to support his convictions.  We deny relief on these issues because Walton has raised and/or could have raised them on direct appeal and/or in prior petitions for post-conviction relief.

_____

[1]        Walton seeks review of all of the superior court's minute entries from June 6, 2012 through March 20, 2013, including the summary dismissal of a prior petition for post-conviction relief in June 2012.  Despite Walton's contention to the contrary, there is nothing in the record to support his assertion that he filed a motion for reconsideration of the dismissal of this earlier petition.  Therefore, the only ruling for which Walton filed a timely petition for review is the summary dismissal of his latest petition for post-conviction relief on March 20, 2013.  We do not address any of the superior court's previous rulings.

Any claim a defendant raised or could have raised on direct appeal or in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) applies.

**¶4**  Walton also contends he has newly discovered evidence that the State failed to disclose medical records of one of the victims. Walton argues the records were exculpatory because the examination took place after the offenses occurred and showed the victim's hymen was intact and that she otherwise had a normal physical examination. We deny relief on this issue as well. First, Walton offers nothing but his own representation that the State failed to disclose the documents and he offers no explanation for how or when he obtained them.[2] Second, Walton offers no evidence that he was diligent in discovering the materials and bringing them to the court's attention, that they were not merely cumulative or impeaching, or that the evidence would have altered the verdict. A defendant must establish all these factors to be entitled to relief based on newly discovered evidence. *State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989). Walton has failed to show the evidence was exculpatory because none of his convictions were based on sexual intercourse. A normal physical examination does not establish that he did not commit the offenses of which he was convicted. We also note that Walton does not cite any portion of the record at which the State introduced any evidence that contradicted the physical findings in the report.

---

[2]  While Walton asserts he has affidavits to support this claim, he did not include them with the petition he filed in the superior court or his petition for review.

**¶5**         While the petition for review presents additional issues, Walton did not raise them in the petition for post-conviction relief he filed in the superior court.  A petition for review may not present issues not first presented to the superior court.  *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).  Finally, we deny relief in all the other cases Walton identifies in the caption of his petition because he presents no independent claims for relief in those cases

**¶6**         We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh