NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID MCELVEEN, *Petitioner*.

No. 1 CA-CR 13-0621 PRPC

FILED 4-14-2015

---

Petition for Review from the Superior Court in Maricopa County
No. CR2009-007600-001
The Honorable John C. Rea, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

David McElveen, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco joined.

---

**B R O W N, Judge**:

¶1        David McElveen petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2        A jury convicted McElveen of two counts of trafficking in the identity of another and the trial court sentenced him to concurrent terms of 7.5 years' imprisonment for each count. We affirmed McElveen's convictions and sentences on direct appeal. *State v. McElveen*, 1 CA-CR 10-0374, 2011 WL 887755 (Ariz. App. Mar. 15, 2011) (mem. decision). McElveen filed a pro se petition for post-conviction relief after his counsel found no colorable claims for relief. The trial court summarily dismissed the petition and McElveen now seeks review.

¶3        McElveen claims he has newly discovered evidence that the undercover officer committed perjury when he testified at trial. McElveen first argues the officer committed perjury when he testified that he did not record the transaction between himself and McElveen because he did not have access to recording equipment that day. McElveen contends newly discovered evidence shows the officer had access to recording equipment because he recorded another transaction in an unrelated matter earlier that day. McElveen next argues the officer committed perjury when the officer testified he did not ask "Joe," another person involved in the events, to obtain stolen identification cards and credit cards for the officer. McElveen argues the newly discovered evidence shows the officer did make such a request.

¶4        For a defendant to obtain post-conviction relief based on newly discovered evidence:

> (1) The evidence must appear on its face to have existed at the time of trial but be discovered after trial;

> (2) The petition must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to court's attention;

> (3) The evidence must not simply be cumulative or impeaching;

> (4) The evidence must be relevant to the case;

(5) The evidence must be such that it would likely have altered the verdict, finding, or sentence if known at the time of trial.

*State v. Bilke*, 162 Ariz. 51, 52-53, 781 P.2d 28, 29-30 (1989).

**¶5**        McElveen conceded below that he obtained this alleged new information based on his review of police reports. McElveen does not contend he did not possess or otherwise have access to the reports prior to trial, but argues only that he did not "scour" the reports until after trial. This is not "newly discovered" evidence. Additionally, the evidence would, at best, serve only to impeach the officer. As noted above, to obtain post-conviction relief based on newly discovered evidence, the new evidence must not serve merely to impeach. *Id*.

**¶6**        Furthermore, the evidence does not establish that the officer committed perjury or that his testimony was inconsistent with any evidence in any material way. Regarding the availability of recording equipment, the officer testified he sometimes carried his recording equipment with him in his vehicle, but he did not have it with him at the time he met with McElveen. It was defense counsel who subsequently asked the officer on cross-examination, "[Y]ou didn't have . . . your recording device that day," to which the officer answered "[t]hat's correct." That a police report in a separate matter shows the officer recorded a conversation with a different suspect earlier in the day does not establish that the officer had operable recording equipment available to him when he spoke with McElveen.

**¶7**        Regarding whether the officer asked "Joe" to get stolen identification cards and credit cards for the officer, the officer testified he never asked Joe to obtain stolen property for him. The language McElveen identifies in a police report does not directly contradict this. The officer wrote in his report that he told Joe "that if [Joe] was to come into possession of any checks or credit cards to give [the officer] a call so [the officer] could

take a look at them." This is not the equivalent of telling Joe to obtain stolen identification cards and credit cards for the officer.

¶8        For the reasons stated above, we grant review and deny relief.

