NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRENT ALEXANDER HARGOUS, *Petitioner*.

No. 1 CA-CR 15-0454 PRPC
FILED 5-4-2017

Petition for Review from the Superior Court in Apache County
Nos.  S0100CR201100146
S0100CR201100268
S0100CR201100269
S0100CR201200104
The Honorable Michael P. Roca, Judge Pro Tem, *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Apache County Attorney's Office, St. Johns
By Michael B. Whiting
*Counsel for Respondent*

Emily Danies, Tucson
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**T H O M P S O N, Judge**,:

¶1        Brent Alexander Hargous petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        The state charged Hargous with multiple crimes in four different cases.  After the superior court consolidated the cases, Hargous entered into plea agreements with the state.  The court placed him on four years of intensive probation, a condition of which required Hargous to actively participate in an inpatient drug rehabilitation program.

¶3        The state subsequently petitioned the court to revoke Hargous's probation based on allegations that he failed to seek drug treatment. The court held a hearing and found the state proved the probation violation. Consequently, the court revoked probation and sentenced Hargous to consecutive prison terms totaling eighteen years.  On direct appeal, this court affirmed.

¶4        Hargous subsequently petitioned the superior court for relief pursuant to Arizona Rule of Criminal Procedure 32, arguing newly discovered evidence entitled him to be resentenced.  Specifically, Hargous explained that, shortly after he began serving his prison sentence, he was diagnosed as having a psychiatric disorder.  Hargous provided a copy of a letter by a psychiatrist who, after reviewing Hargous's mental health records from the Department of Corrections, opined that "it's extremely likely . . . [Hargous's] psychiatric diagnoses were present at the time of sentencing . . .."  The psychiatrist also stated "the diagnosis . . . was most likely present . . . when Mr. Hargous committed certain crimes."  According to Hargous, he probably would have received mitigated or concurrent sentences had the trial court known at sentencing of his mental illness.

2

¶5        The superior court noted that the petition did not comply with Rule 32.5, which requires a petition to be accompanied by the defendant's declaration "stating under penalty of perjury that the information contained in the petition is true to the best of the defendant's knowledge and belief." The court gave Hargous sixty days to amend his petition to comply with Rule 32.5.

¶6        Almost two months after the court-ordered deadline, Hargous's counsel filed a declaration avowing that the information contained in the petition was true to the best of Hargous's and her knowledge and belief. The court dismissed the petition because the provided declaration did not remedy the defect; namely, Hargous's attorney, not Hargous himself, made the declaration. The court also found the petition failed to present a colorable claim. Hargous unsuccessfully moved for reconsideration before requesting another sixty-day extension to file a Rule 32.5 compliant declaration. The court denied Hargous's request, and this timely petition for review followed.

¶7        Hargous argues the court erred in determining he failed to present a colorable claim. Specifically, he contends the psychiatric diagnosis made after he was sentenced constituted newly discovered evidence requiring the superior court to resentence him. Hargous also contends the superior court should have granted him leave to file a delayed Rule 32.5 declaration.

¶8        "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007). We are obliged to uphold the trial court's ruling if the result is legally correct for any reason. *State v. Perez*, 141 Ariz. 459, 464, 687 P.2d 1214, 1219 (1984); *State v. Cantu*, 116 Ariz. 356, 358, 569 P.2d 298, 300 (1977).

¶9        To present a colorable claim of newly-discovered evidence, the evidence must appear on its face to have existed at the time of trial (or in this case, at sentencing) but be discovered thereafter. *State v. Bilke*, 162 Ariz. 51, 52, 781 P.2d 28, 29 (1989). In *Bilke*, our supreme court addressed a claim of newly discovered evidence relating to a defendant's diagnosis of post-traumatic stress disorder (PTSD). *Id*. at 53, 781 P.2d at 30. There, the Court determined the defendant satisfied the foregoing requirement because, "while defendant may have been aware that his mental condition was not stable, he was not aware that he suffered from PTSD." *Id*. at 53, 781 P.2d at 30. The reason for the defendant's lack of knowledge regarding his

PTSD, the court noted, was that PTSD "was not a recognized mental condition at the time of his trial." *Id.*

¶10 Hargous does not contend he was diagnosed with a mental illness that was not a recognized mental condition at the time he was sentenced. Nor does Hargous argue his mental illness was otherwise not subject to diagnosis at that time. He merely asserts that, although he was aware at the time of sentencing that he suffered a mental illness, the specific disorder was not diagnosed until after he started serving his sentence. Thus, unlike the petitioner in *Bilke*, Hargous's post-trial diagnoses did not amount to newly discovered evidence. As a result, Hargous did not present a colorable claim, and the superior court acted within its discretion by dismissing the petition for post-conviction relief.[1]

¶11 For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[1] Based on Hargous's failure to raise a colorable claim of newly discovered evidence, addressing the propriety of the superior court's decision denying Hargous leave to file a declaration in compliance with Rule 32.5 is unnecessary.