NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RICHARD NEWMAN SALEM, *Petitioner*.

No. 1 CA-CR 15-0851 PRPC
FILED 7-18-2017

Petition for Review from the Superior Court in Yavapai County
No. V-1300-CR-820060183
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Dana E. Owens
*Counsel for Respondent*

C. Kenneth Ray, II PC, Prescott
By C. Kenneth Ray, II
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

---

**T H U M M A**, Judge:

**¶1**          Petitioner Richard Newman Salem seeks review of the superior court's dismissal of his notice of petition for post-conviction relief and successive petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

**¶2**          A jury found Salem guilty of nine counts, consisting of aggravated assault against a law enforcement officer, resisting arrest and criminal trespass. The jury found three of the aggravated assault offenses were dangerous and the superior court imposed concurrent sentences, the longest of which was 10.5 years in prison. On direct appeal, Salem argued (1) the State failed to preserve a videotape depicting events that occurred in the police department's booking area; (2) the superior court erred by precluding the testimony of several witnesses who were disclosed in an untimely manner; (3) there was insufficient evidence to support the guilty verdicts; (4) the jury was improperly instructed and (5) the sentence was excessive. This court found none of Salem's arguments to be persuasive and affirmed the convictions and sentences on direct appeal. *State v. Salem*, 1 CA-CR 07-0386 (Ariz. App. Aug 26, 2008) (mem. dec.). The mandate in that direct appeal issued in February 2009.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶3            Salem filed his first petition for post-conviction relief in April 2009, alleging he was denied the right to a fair and impartial jury trial because one juror had been untruthful during voir dire. Salem also claimed ineffective assistance of trial counsel for (1) failing to disclose witnesses he claimed were instrumental in educating the jury about Salem's panic and anxiety disorders, (2) failing to effectively examine and rehabilitate a witness who was prevented from offering an opinion about how Salem's illness affected his conduct and (3) failing to file a timely motion regarding a juror's misconduct. In September 2009, the superior court dismissed Salem's petition, finding he failed to present a colorable claim for relief. This court denied Salem's petition for review in April 2011.

¶4            In December 2014, Salem filed the underlying notice of petition for post-conviction relief and successive petition for post-conviction relief. Salem raised three issues (1) ineffective assistance of counsel for failing to make Salem aware of a favorable plea offer he asserts he surely would have entered into; (2) actual innocence based on the argument that if the jury had been aware of all of the facts and information Salem presumes he would be able to present if he were given a new trial, no jury would find him guilty; and (3) newly discovered evidence based on four theories: (a) Salem's diagnosis of post-traumatic stress disorder after trial; (b) Salem suffered from an adverse and unknown reaction to the anti-anxiety medication he was prescribed (Paxil) and his prescribing witness was unaware of his previous adverse reaction; (c) a precluded witness was familiar with Salem and could have testified to his overreaction and to the extreme adverse reactions he was experiencing; and (d) scientific studies and data on Paxil. The superior court, after considering the various filings, dismissed, finding no material issue of fact or law which would entitle Salem to relief.

¶5            On review, Salem argues (1) the facts presented are newly discovered; (2) the facts presented are sufficient to support his claim of actual innocence and (3) trial counsel was ineffective by failing to advise Salem of the existence of the plea agreement.

¶6          Any claim a defendant raised or could have raised on direct appeal or in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply. It is Salem's burden to assert grounds that bring him within the provisions of the Rule in order to obtain relief. *State v. Carriger*, 143 Ariz. 142, 146 (1984). Newly-discovered material facts are a permissible exception under Rule 32.2(b). But, "[n]ewly-discovered material facts alleged as grounds for post-conviction relief are facts which come to light after the trial *and which could not have been discovered and produced at trial through reasonable diligence*." *State v. Dogan*, 150 Ariz. 595, 600 (App. 1986) (emphasis added); accord *State v. Bilke*, 162 Ariz. 52, 52-53 (1989).

¶7          Salem's claims that the scientific studies showing that Paxil may cause aggression in some individuals is not newly discovered evidence. Not only were two of the studies published before Salem's trial, but Salem has failed to show the studies could not have been discovered with due diligence. Further, Salem fails to show how the information is not cumulative to his witness' testimony at trial and, further, Salem fails to show how this claim is not precluded.

¶8          Given the record presented, Salem's claim of actual innocence and his argument that no jury would find him guilty knowing the scientific studies and hearing his witnesses' testimony is unfounded. Salem previously used his mental health and prescription to defend his actions. Salem has provided no facts or law to demonstrate that a jury would find differently if provided the studies and witness testimony he cites.

¶9          Finally, Salem has the burden to show ineffective assistance of counsel, and "the showing must be that of a provable reality, not mere speculation." *State v. Rosario*, 195 Ariz. 264, 268 ¶ 23 (App. 1999). The record shows that Salem was made aware of the plea agreement tendered by the State at the Early Disposition Court ("EDC") stage and that trial counsel was negotiating a counteroffer. Salem was then made aware of what was likely a new plea offer, which his new trial counsel felt unprepared to advise Salem on in view of the early stage of the case and counsel's anticipated witness interviews. Trial counsel then sent the State a letter describing the same concerns. Trial counsel followed up with a second letter, proposing a counter-offer and offering letters from Salem's family and friends and a compact disc of Salem's recordings in support of the offer. This belies Salem's assertion that trial counsel did not communicate a favorable plea offer that he surely would have accepted. The EDC plea agreement is neither a newly discovered material fact, nor has Salem established that counsel's performance fell below an objectively reasonable

professional standard *and* that the deficient performance caused prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985).

**¶10**　　　　The superior court did not abuse its discretion in dismissing Salem's notice of petition for post-conviction relief and successive petition for post-conviction relief. Accordingly, this court grants review but denies relief.



AMY M. WOOD • Clerk of the Court
FILED: AA