NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

ANGEL DAVID SMILEY, *Petitioner.*

No. 1 CA-CR 15-0808 PRPC
FILED 8-1-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2006-013269-004 DT
The Honorable Hugh E. Hegyi, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Angel David Smiley, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Michael J. Brown joined.

**C A M P B E L L**, Judge:

¶1          Angel David Smiley petitions for review from the dismissal of his petition for post-conviction relief. *See* Ariz. R. Crim. P. 32. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

¶2          In 2008, a jury convicted Smiley of first-degree murder, attempted armed robbery, burglary in the first degree, and conspiracy to commit armed robbery. After considering mitigating and aggravating circumstances, the trial court imposed a natural life term of imprisonment for the murder conviction. The court also imposed aggravated sentences of: 10 years for attempted armed robbery and 15 years each for the burglary and conspiracy convictions to be served concurrent with each other, but consecutive to the life sentence. On direct appeal, this court affirmed Smiley's convictions and sentences. *State v. Smiley*, 1 CA-CR 08-0688, 2009 WL 2634768 (Ariz. App. Aug. 27, 2009) (mem. decision).

¶3          Smiley subsequently sought post-conviction relief, raising a claim of ineffective assistance of counsel, denial of a motion to sever Smiley from the co-defendant, and jury misconduct. The trial court summarily dismissed the petition. Smiley sought review in this court, which denied review.

¶4          Almost three years later, Smiley filed a successive and untimely petition for post-conviction relief, raising a claim of newly discovered evidence. *See* Ariz. R. Crim. P. 32.1(e). Smiley argued his recent diagnosis of post-traumatic stress disorder ("PTSD") constituted newly discovered evidence pursuant to *State v. Bilke*, 162 Ariz. 51 (1989). According to Smiley, he had the condition at the time he committed the offenses and had the trial court been aware of his PTSD, the court would have imposed more lenient sentences. The trial court dismissed the petition, and Smiley timely sought review.

¶5          The trial court's dismissal order clearly identified and correctly ruled upon the merits of Smiley's petition. Smiley argues that his newly diagnosed mental condition, PTSD, presents a colorable claim of newly discovered evidence and should entitle him to an evidentiary hearing. He bases this rationale on the court's holding in *State v. Bilke*, 162 Ariz. 51. The court in *Bilke* found that a new diagnosis of PTSD was "newly-discovered evidence" because it was an unrecognized medical condition that could not have been diagnosed at the time of sentencing in 1974. *Id*. at 53. Here, Smiley could have presented the PTSD evidence at the time of his

sentencing, and was not precluded from doing so. Accordingly, the diagnosis is not newly discovered evidence.

¶6   As a result, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA