NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

GEORGE M. REED, *Petitioner.*

No. 1 CA-CR 23-0323 PRPC

FILED 11-19-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2016-005718-001
The Honorable Kerstin G. LeMaire, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Respondent*

George M. Reed, San Luis
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

¶1 Petitioner George Reed petitions for review of the summary dismissal of his first petition for post-conviction relief. We have considered the petition for review and the State's response. For the reasons stated, we grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2 In 2016, undercover detectives utilized "E.F." as a "middleman" to procure illegal drugs from persons selling those drugs at an apartment complex. E.F. was not a confidential informant. Detectives eventually asked E.F. to help them buy heroin from Reed, who shared an apartment with him. E.F. contacted Reed by phone and arranged for the sale to take place at a gas station. E.F. and two detectives drove to the gas station together where one of the detectives gave E.F. $175 to purchase the heroin. When Reed arrived at the gas station in a van, E.F. walked from the detectives' vehicle to the van and got in the front passenger seat. Shortly after, E.F. returned to the detectives' vehicle with a plastic bag containing heroin.

¶3 The State charged Reed with two counts of sale or transportation of narcotic drugs, a Class 2 felony, one count for the sale at the gas station and one count for a prior sale at the apartment complex. The State alleged both principal and accomplice liability for each count. A jury found Reed guilty of sale or transportation of narcotic drugs for the sale at the gas station but acquitted Reed of the count regarding the prior sale. The trial court sentenced Reed as a repetitive offender on felony release at the time of the offense to a total of 14 years' imprisonment, Arizona Revised Statute ("A.R.S.") §§ 13-703(J), -708(D), and we affirmed his conviction and sentence on direct appeal, *State v. Reed*, No. 1 CA-CR 19-0701, 2021 WL 1200706 (Ariz. App. Mar. 30, 2021).

¶4            Reed then initiated post-conviction relief proceedings and filed a pro se petition for post-conviction relief after his post-conviction relief counsel was unable to find any colorable claims for relief. The trial court summarily dismissed the petition and Reed now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.16 and A.R.S. § 13-4239(C).

## DISCUSSION

¶5            In his petition for review, Reed argues (1) his trial counsel was ineffective; (2) newly discovered material facts would probably have changed the verdict; and (3) these issues for review constitute cumulative error.

## I.     Reed Failed to Establish Ineffective Assistance of Counsel.

¶6            To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). To show prejudice, a defendant must show that there is a "reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

¶7            When reviewing claims of ineffective assistance of counsel, we owe deference to both the defendant's counsel and the trial court. *Dunn v. Reeves*, 594 U.S. 731, 739 (2021). There is a strong presumption that the actions of counsel were sound trial strategy under the circumstances present at that time. *State v. Stone*, 151 Ariz. 455, 461 (App. 1986). "[E]ven if there is reason to think that counsel's conduct 'was far from exemplary,' a court still may not grant relief if '[t]he record does not reveal' that counsel took an approach that no competent lawyer would have chosen." *Dunn*, 594 U.S. at 739 (quoting *Burt v. Titlow*, 571 U.S. 12, 23–24 (2013)).

### A.     Counsel's Cross-Examination of Two Detectives Did Not Fall Below Standards.

¶8            Reed first argues his trial counsel was ineffective when counsel failed to adequately cross-examine and/or impeach the two undercover detectives who participated in the sale at the gas station. Reed alleges his counsel's pretrial interviews of the two detectives revealed discrepancies regarding whether E.F. went inside the store at the gas station prior to Reed's arrival. Reed argues counsel could have used these alleged

discrepancies during cross-examination of the detectives to show that E.F. could have purchased the heroin from an unidentified person in the store or elsewhere while out of the detectives' view prior to Reed's arrival.

**¶9**        We deny relief because Reed has failed to present a colorable claim for relief. The determination of how to cross-examine a witness is a matter of trial strategy. *See Stone*, 151 Ariz. at 461. "Simply disagreeing with strategy decisions cannot support a determination that representation was inadequate." *State v. Pandeli*, 242 Ariz. 175, 181 ¶ 8 (2017). This is because "[d]efense counsel's determinations of trial strategy, even if later proven unsuccessful, are not ineffective assistance of counsel." *State v. Valdez*, 160 Ariz. 9, 14 (1989). Cross-examination of the detectives in a manner that did not seek to raise the speculative proposition that E.F. purchased heroin from an unidentified person while momentarily out of sight of the detectives was a viable trial strategy that did not fall below objectively reasonable standards.

### B.        Counsel Was Not Ineffective in Seeking the *Willits* Instruction.

**¶10**        Reed next argues his trial counsel was ineffective when counsel failed to file a motion to reconsider the trial court's denial of Reed's request for an instruction under *State v. Willits*, 96 Ariz. 184 (1964). "A *Willits* instruction is appropriate when the state destroys or loses evidence potentially helpful to the defendant." *State v. Lopez*, 163 Ariz. 108, 113 (1990). Here, counsel sought a *Willits* instruction because the two cell phones the detectives used during their undercover work, at least one of which contained texts with E.F., were destroyed prior to trial and the relevant texts on those phones were not otherwise preserved.

**¶11**        We deny relief on this issue as well. Counsel requested a *Willits* instruction and the trial court denied the request. Simply disagreeing with counsel's decision to not file a motion to reconsider the court's ruling is not sufficient to present a colorable claim that counsel's actions fell below objectively reasonable standards.

### C.        Counsel Was Not Ineffective in Filing the Motion to Preclude Audio Recordings of the Detectives and E.F.

**¶12**        Reed next argues his trial counsel was ineffective because counsel was unsuccessful in precluding admission of the audio recording contained in trial Exhibit 18. The recording consisted of the interactions between E.F. and the two detectives on the day of the sale at the gas station.

The recording included all their conversations that occurred before, during, and after the sale.

¶13 We deny relief because Reed has again failed to present a colorable claim for relief. Reed's counsel filed a motion to preclude the admission of the recording. The trial court took the motion under advisement because the court was concerned the State would not be able to establish sufficient foundation to admit the recording at trial. When the State later moved to admit the recording during trial, Reed's counsel objected based on the grounds urged in the motion to preclude. The trial court overruled counsel's objection. Merely asserting that counsel should have done a better job when counsel filed the motion to preclude the recording and when counsel later objected to the admission of the recording is insufficient to present a colorable claim of ineffective assistance of counsel.

### D. Counsel Was Not Ineffective for Failing to Have Exhibit 18 "Analyzed and Enhanced."

¶14 Reed further argues his trial counsel was ineffective when counsel failed to have the audio recording contained in Exhibit 18 "analyzed and enhanced." Reed argues counsel should have had the exhibit "analyzed and enhanced to determine its evidentiary value for the defense." Reed further argues analysis would have shown the conversations were poorly recorded and inaudible, possibly "intentionally," throughout the recording.

¶15 We deny relief on this issue as well. The State played Exhibit 18 for the jury. The deficiencies of the recording would have been readily apparent to everyone at trial. Further, Reed's counsel had no reason to take action that risked doing nothing more than improving the quality and impact of the State's evidence against Reed solely to Reed's detriment. An attorney need not take action that might harm the defendant's case. *Harrington v. Richter*, 562 U.S. 86, 108 (2011). Counsel's efforts to preclude the admission of Exhibit 18 rather than attempt to enhance the quality of the recording was a viable trial strategy. Reed has failed to present a colorable claim that counsel was ineffective for failing to analyze and enhance Exhibit 18.

## II. There Are No Newly Discovered Material Facts in Exhibit 18.

¶16 In a separate claim related to Exhibit 18, Reed asserts he has obtained newly discovered material facts that would likely have altered the verdict if admitted into evidence at trial. Specifically, Reed alleges that in

light of his trial counsel's failure to have Exhibit 18 analyzed and enhanced, Reed personally had the audio recording in Exhibit 18 analyzed and enhanced. Reed does not explain how or who "analyzed and enhanced" the recording or how the transcript resulting from these efforts accurately identified which of three persons were speaking. Reed argues this new transcript reveals for the first time that one of the detectives drank from a can of beer during the sale at the gas station; that the same detective could not see inside Reed's van and, therefore, could not see any transaction between E.F. and Reed; and that the second detective was not always in the presence of the first detective while they were at the gas station.

¶17 For a defendant to obtain post-conviction relief based on newly discovered material facts:

> (1) The evidence must appear on its face to have existed at the time of trial but be discovered after trial;

> (2) The petition must allege facts from which the court could conclude the defendant was diligent in discovering the facts and bringing them to the court's attention;

> (3) The evidence must not simply be cumulative or impeaching;

> (4) The evidence must be relevant to the case;

> (5) The evidence must be such that it would likely have altered the verdict, finding, or sentence if known at the time of trial.

*State v. Bilke*, 162 Ariz. 51, 52–53 (1989); *see* Ariz. R. Crim. P. 32.1(e).

¶18 Here, Exhibit 18 and its contents are not newly discovered material facts. Reed has done nothing more than have someone else prepare a new transcript based on that unknown person's interpretation of the recording. Further, a review of the recording itself shows that all the "new" information Reed identifies can be heard in Exhibit 18 as admitted at trial.

**III. Cumulative Error Is Inapplicable.**

¶19 As the final issue on review, Reed argues the above claims constitute cumulative error that rises to a level that entitles him to post-conviction relief. Generally, Arizona does not recognize the doctrine of cumulative error. *State v. Hughes*, 193 Ariz. 72, 78–79 ¶ 25 (1998). The only exception is cumulative error involving prosecutorial misconduct, which is not implicated here. *Id.* at 79 ¶ 27.

## CONCLUSION

¶20 For the above reasons, we grant review and deny relief.

